# Hinson *v.* Gamble & Bolling.

*Bill in Equity to charge Wife's Statutory Separate Estate for Professional Services of Attorney-at-Law.*

1. *Attorney's lien.*—An attorney-at-law has no lien on lands, for professional services rendered for the owner thereof in a suit which sought to subject them to an unfounded claim or liability.

2. *Same; on statutory separate estate of married woman.*—Prior to the passage of the act apppoved March 1st, 1881, amending section 2711 of the Code (Sess. Acts 1880–81, p. 36), professional services rendered by an attorney-at-law in defending the title to property belonging to the statutory separate estate of a married woman, were not chargeable upon her estate.

3. *Liability of wife's statutory separate estate; how enforced.* — The liability of a married woman's statutory estate, for claims which are chargeable upon it, can only be enforced by action at law, and in the form prescribed by the statute.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JOHN A. FOSTER.

The bill in this case was filed on the 9th October, 1879, by Gamble & Bolling, attorneys-at-law, suing as partners, against Mrs. Elizabeth Hinson and her husband, John F. Hinson; and sought to condemn by process of garnishment against Conrad Wall, who was also made a defendant, a debt due from him to Mrs. Hinson for the purchase-money of a tract of land, which had belonged to Mrs. Hinson's statutory separate estate; and to subject it, or so much thereof as might be necessary, to the satisfaction of a claim for professional services rendered by the complainants, at the instance and request of said Hinson and wife, in defending a suit in chancery, in which one Joseph Steiner was plaintiff, and said Hinson and wife were defendants; and which was filed for the purpose of foreclosing a mortgage on the lands, executed by said Hinson before his wife had filed a bill and obtained a decree declaring a resulting trust in the lands in her favor, on the ground that the purchase-money was paid with funds belonging to her statutory separate estate. The defendants demurred to the bill, on several grounds which were specified, and also moved to dismiss it for want of

equity, because the complainants' remedy, if any they had, was by action at law. The chancellor overruled the demurrer and the motion, and, on final hearing on pleadings and proof, rendered a decree for the complainants. From this decree Mrs. Hinson appeals, and here assigns it as error, with the overruling of her demurrers and motion to dismiss the bill.

P. O. HARPER, for appellant.

J. M. WHITEHEAD, contra.

STONE, J.—An attorney, defending successfully the right and title to a tract of land, against an unjust claim, or unwarranted attempt to subject it to an alleged lien or liability, can not assert a lien on the land thus successfully defended, for his lawful fees and charges.—1 Wait's Actions & Defenses, 453–4 ; 2 Story's Eq., § 1233 a ; Warfield v. Campbell, 38 Ala. 527 ; 2 Kent's Com., 640–41.

Until March 1st, 1881, professional services rendered by an attorney-at law, in defending the title to statutory separate property of a married woman, did not fasten a charge upon her statutory estate, under section 2711 of the Code of 1876.—See Pamph. Acts, 1880–1, p. 36.

The statutory separate estate of the wife can not be subjected by suit in chancery to liability for articles of comfort and support of the household, under section 2711 of the Code. If there be a liability, it can be enforced only in a court of law, and in the form provided by that statute.— Gilbert v. Dupree, 63 Ala. 331 ; Wilburn v. McCalley, Ib. 436 ; Ridley v. Hereford, at the present term ; Conly v. Blue, 62 Ala. 77 ; Lee v. Tannenbaum, 62 Ala. 501 ; O'Connor v. Chamberlain, 59 Ala. 431 ; Janney v. Buell, 55 Ala. 408.

The decree of the chancellor is reversed, and the bill is dismissed, at the cost of the appellees.