# McCullough *v.* Flournoy.

*Bill in Equity by Attorney to Establish a Lien on Real Estate of his Client for Fees.*

1. *Lien of attorney does not extend to lands which have been subject of suit.*—A solicitor who has successfully prosecuted a suit in equity to establish the title of his client to real estate, has no lien on such real estate for his fees. *Hinson v. Gamble*, 65 Ala. 605, cited and approved.

APPEAL from Coffee Chancery Court.
Heard before Hon. JOHN A. FOSTER.
This was a bill in equity filed by the appellee, an attorney, seeking to establish and enforce a lien on land of his client for services rendered by him as solicitor, in successfully prosecuting a suit in said Chancery Court, which resulted in a decree divesting the title to the land out of the respondent in that suit, and vesting it in his client. On the hearing, had on pleadings and proof, and also on a motion to dismiss the bill for want of equity, the chancellor was of the opinion, that the appellee was entitled to relief, and caused a decree to be entered overruling the motion to dismiss, and declaring a lien on the land for the services so rendered by the appellee, and ordering the land sold for the payment of the amount due therefor. This decree is here assigned as error.

W. D. ROBERTS, for appellant.

J. E. P. FLOURNOY, *contra.*

(No briefs came to the hands of the reporter.)

BRICKELL, C. J.—The single question this case presents—whether a solicitor, successfully prosecuting a suit in equity to establish the title of his client to real estate, has a lien on the estate for his fees—was decided in *Hinson v. Gamble*, 65 Ala. 605. The existence of such a lien is recognized in Tennessee, but it is repudiated in other States.—*Hunt v. McClanahan*, 1 Heisk. 503; *Brown v. Bigley*, 3 Tenn. Ch. 618; *Humphrey*

*v. Browning*, 46 Ill. 476; *Smalley v. Clark*, 22 Vermont, 598; *Cozzens v. Whitney*, 3 R. I. 79; *Hanger v. Fowler*, 20 Ark. 667. It seems to us unwarranted by principle to extend the lien of an attorney or solicitor to lands, which have been the subject of suit. There would be much of difficulty and confusion resulting from it, embarrassing alienation it is the policy of the law to unfetter.

The decree of the chancellor must be reversed, and a decree will be rendered, dismissing the bill, at the costs of the appellee in this court, and in the court of chancery.