# Higley v. White *et al.*

*Petition in Chancery Suit for Enforcement of Attorney's Lien.*

    1. *Lien of attorney on judgment or decree obtained by him.*—An attorney has a lien upon a judgment or decree obtained by him for his

[Higley v. White *et al.*]

client, to the extent of reasonable compensation for services rendered in its procurement, which lien is subordinate and inferior to all counter claims or set-offs as against the client, existing at the time the judgment or decree was rendered.

2. *Same; does not extend to land.*—The lien of an attorney, for his stipulated or reasonable fee, is limited to a moneyed judgment or decree recovered in the particular case in which his services were rendered ; and such lien does not extend to lands, or other like property of the client, although constituting the subject matter of the controversy.

3. *Same.*—Where, in a chancery cause a moneyed decree has been rendered, and real estate has been condemned to sale for the satisfaction of such decree, an attorney's lien for services rendered in such cause may be declared on the decree, and made operative on the proceeds from the sale of the land, in so far as the proceeds are not liable to superior claims.

4. *Same; petition in chancery cause.*—Where, in a chancery suit, to compel the specific performance of a contract for the sale of land, a decree was rendered declaring that the complainant was entitled to a specified sum of money as the amount due from defendant, and ordering that, in default of the payment of said sum, the lands described in the bill be sold, and the complainant be paid out of the proceeds, the attorneys for complainant in such cause may file their petition in the court wherein said decree was rendered, praying for the ascertainment of the value of their services in the procurement of said decree, and that a lien be declared in their favor upon the decree for the amount found to be due the petitioners.

APPEAL from the City Court of Birmingham, in Equity. Heard before the Hon. W. W. WILKERSON.

The original bill in this case was filed by the appellant, I. B. Higley, against E. B. and C. B. Powell; and sought the specific performance of a contract for the sale to complainant of certain described real estate. The report of that case, on appeal, is found in the 90 Ala. 103.

The proceedings, which are reviewed in the present appeal, arose in the following manner : After the decree rendered in this case, settling the equities in favor of the complainant, was affirmed on appeal to this court at the November Term, 1889, (90 Ala. 103), the reference ordered in that decree was executed, and a decree was rendered by 'he court below, on the 20th of January, 1891, ascertaining that the defendants were due and owing to the complainant on the 5th of January, 1891—the date of the report of the clerk and register—

the sum of $4,289.12, including interest to that date, which, by the decree of the court, was made a charge or lien on the lots described in the bill for its payment; and, in default of the payment of that sum into the hands of the clerk and register within ten days, he was ordered, in a manner directed by the decree, to proceed to sell said lots to the highest bidder for cash and make report to the court. The proceeds of the sale, by the terms of the decree, were ordered to be applied, 1st, to the payment of the costs of the case ; 2d, to the payment to the complainant of said sum, of $4,289.12 ; 3d, the surplus, if any, to be paid to the defendant, C. B. Powell ; but if said lots should not sell for a sufficient sum to pay said costs and the amount due the complainant, then, and in that event, the complainant shall recover of defendant, C. B. Powell, his costs expended in the cause.

A sale was made by the clerk and register, under this order, on 28th September, 1891, which was reported to the court, but which appears never to have been confirmed. At the sale, the complainant bid the sum of $3,500 for the lots, and he tendered in money $432.35, the costs in the case, and his receipt for the balance of the decree, in full payment of his bid, which was not accepted by the clerk and register.

On the 21st of October, 1891, A. O. Lane and F. S. White, composing the firm of Lane & White, and E. T. Taliaferro and Noble Smithson, composing the firm of Taliaferro & Smithson, as attorneys for complainant, filed their petition in said court, setting out the services they had rendered to complainant in and about procuring said moneyed decree in favor of complainant, and having a lien declared on said lots for the payment of the same, stating the value of the services they rendered in that behalf, and prayed the court for a reference to ascertain the value of their services as attorneys, and then, "that a decree be rendered, declaring a lien upon said decree for the amount found due to petitioners for their services aforesaid, and that a sufficient portion of the proceeds of the land heretofore sold under the decree of the court, be paid to petitioners in payment of their said fees." This petition was demurred to on the following grounds : (1st.) That the petitioners have not in and by their said petition made or stated such a case as entitled them in a court of equity to any relief

against complainant as to the matters contained in said petition. (2d.) Because they have a plain and adequate remedy at law, and there being no fund in the court out of which they may be remunerated, a court of chancery has no jurisdiction in the premises. This demurrer was overruled. Thereupon, complainant filed an answer to the same, denying petitioners' right to the decree sought,

The cause was submitted on the petition and answer, and the court made a decretal order, on the 30th October, 1891, directing the clerk and register to ascertain what would be reasonable compensation to said solicitors for their services, and whether they had been paid any, and if so, what amount on their fees. By agreement of the parties, $350 was ascertained and reported as a reasonable fee to be paid said solicitors, one-half to F. S. White, and one-half to Taliaferro & Smithson, one-fourth to Taliaferro and one-fourth to Smithson, Taliaferro's share to be credited by $25, which had been paid to him. On the same day this report was filed the cause was submitted "for decree, in behalf of complainant, upon the original bill of complaint, petition of F. S. White, Taliaferro & Smithson and the order of reference thereon, as well as upon all other parts of the record—excepting the answer of said Higley to the petition of said F. S. White and Taliaferro & Smithson; and, in behalf of complainant Higley, upon his plea and answer to said petition." On May 30, 1892, the report of the register as to the fees to be paid to the attorneys was confirmed without objections being filed to such report. On the same day—May 30, 1892—the court also rendered a final decree in the cause, which, after reciting the proceedings in the cause, ordered that complainant, Higley, within 10 days from the date of the decree, pay to the clerk and register of the court, a sum sufficient to pay the costs of the case, and also the further sum of $325, the balance due on the fees of his said attorneys, and upon the payment of the costs and attorney's fees—which amount should be considered a part of the $3,500, bid by him at a former sale, made as aforesaid on the 28th September, 1891, which was not confirmed by the court—that his said bid should be accepted, and that sale confirmed to him; but, if he failed to pay the same, that the clerk and register should proceed to sell the

said lots under the original order of sale rendered in the cause on the 20th January, 1891, and the proceeds were to be applied, first, to the costs, secondly, to the attorneys' fees in full, or ratably, and the remainder, if any, to the credit of said decree, in favor of said Higley; and if he should be the purchaser, that he should not be required to pay into the hands of the clerk and register anything more than was necessary to pay the costs and attorneys' fees; but that the clerk and register should not accept his bid unless he paid over a sum sufficient to pay said costs and attorneys' fees.

On the 27th March, 1893, in default of the payment of said sum of $4,289.12, or any part thereof as authorized by said decree of 30th May, 1892, the clerk and register proceeded, in obedience to said decree so rendered, to sell said lots at public sale for cash, in the manner and according to the directions of said decree, at which said sale H. C. Miller became the purchaser at and for the sum of $790, which was the highest and best bid. This sale was reported to the court on the 12th April, 1893, and the clerk and register, in his report, stated that the purchaser had complied with the terms of the sale, and out of the proceeds of sale, he retained the sum of $464, as costs of suit, commissions and expenses of sale, and the balance—$325—he applied to the payment of the fees of the complainant's solicitors, as by the former decree of the court he had been directed to do.

This report was ordered to lie over for exceptions. On the 17th of April, 1893, the cause was submitted on the report of the clerk and register, and no exceptions having been filed thereto, the same was, on that day, by the decree of the court, duly confirmed, and the title of the complainant and the defendant in and to the lots described in the report and bill was, by said decree, divested out of them and vested in the purchaser at said sale— H. C. Miller—and the clerk and register was ordered to execute a deed to him.

The complainant, I. B. Higley, prosecutes this appeal, and assigns for error, (1), the ruling of the court allowing the filing of the petition of Lane & White and Taliaferro & Smithson; (2), the overruling of the demurrer of appellant to the petition of said attorneys; and, (3), rendition of the decree of the 30th May, 1892.

[Higley v. White *et al.*]

A. LATADY, for appellant.—The court erred in allow-
ing the petition of the attorneys to be filed, because they
were not parties to the record, and they were not enti-
tled to be made parties thereto, since there were no funds
in court that could be distributed for the purposes asked
for in the petition; and also, because the petition did not
grow out of the original bill, but was entirely foreign
thereto.—*Meyer v. Johnston*, 64 Ala. 603; *Connor v. Boyd*,
72 Ala. 385; *Munden v. Bailey*, 70 Ala. 74; *Louisville
Man. Co. v. Brown*, 101 Ala. 273; *Ex parte Printup*, 87
Ala. 148; *Renfro Bros. v. Goetter, Weil & Co.*, 78 Ala. 311;
1 Dan. Ch. Pl. & Pr., 564.

The demurrers to the petition should have been sus-
tained. The petitioner's remedy at law was complete.
Land was the subject matter of the litigation, and a lien
of an attorney can never extend to land.—*Hinson v.
Gamble*, 65 Ala. 605; *Lee v. Winston*, 68 Ala. 402; *McCul-
lough v. Flournoy*, 69 Ala. 189; *Mc Williams v. Jenkins*, 72
Ala. 480.

LANE & WHITE, contra.

HARALSON, J.—1. In *Ex parte Lehman, Durr & Co.*,
59 Ala. 632, this court announced that it must be re-
garded as settled in this State, by the decision of *War-
field v. Campbell*, 38 Ala. 527, that an attorney at law or
solicitor in chancery has a lien upon a judgment or de-
cree obtained for a client, to the extent of the compen-
sation the client has agreed to pay; or if there has been
no specific agreement for compensation, then, for reason-
able compensation for services rendered in and about its
procurement. The lien is limited to services rendered in
the particular action or proceeding in which the judg-
ment or decree was rendered, and the theory on which
the particular lien rests is, that the attorney or solicitor
is regarded as an assignee of the judgment or decree, to
the extent of his fee, from the date of its rendition,—
subordinate to all counter claims or set-offs, existing at
the time. These principles have been the subject of re-
peated recognition in this court, since those earlier de-
cisions.—*Jackson v. Clopton*, 66 Ala. 33; *Mc Williams v.
Jenkins*, 72 Ala. 487; *Mosely v. Norman*, 74 Ala. 424.

2. It is as well settled, also, that an attorney or so-
licitor has no lien on the land of his client, where he has

successfully prosecuted a suit in equity to establish the title of his client to real estate, or on land recovered in an action of ejectment prosecuted by him, or where he has defended successfully the right and title to land against an unjust claim, or an unwarranted attempt to subject it to an alleged lien or liability.—*Hinson v. Gamble*, 65 Ala. 605 ; *Lee v. Winston*, 68 Ala. 402 ; *McWilliams v. Jenkins, supra; Humphrey v. Browning*, 46 Ill. 476 ; 2 Kent's Com., 640–41.

3. In any cause in which such a lien may be declared and enforced, there must, therefore, be a moneyed judgment or decree to which the lien may attach, or else it can not exist. If a judgment or decree for money, however, has been rendered in a cause, as here, and real estate has been condemned to sale for its satisfaction, the lien may be declared, as was done in this case, on the decree, and made operative on the proceeds of the sale of the land, to the extent that the proceeds may not be liable to superior claims. The incidental liability of the land, or the proceeds of its sale, for the satisfaction of the decree, is no invasion of the rule we have announced against declaring a lien on land for the payment of solicitor's fees and charges.

4. The petition of the solicitors filed in the cause, for the purpose for which filed, was an appropriate and approved proceeding, and the demurrer to it was properly overruled.— *Weaver v. Cooper*, 73 Ala. 318; *Warfield v. Campbell, supra; Thornton v. H. A. & B. Railroad Co.*, 94 Ala. 358.

We find no error as assigned, and the decree of the city court is affirmed.