*F. M. Stevens, C. W. Dille* and *E. J. Pinney,* for plaintiff.

*E. G. & H. C. Johnson,* for defendant.

---

### COUNSEL FEES IN FAMILY LITIGATION.

[Superior Court of Cincinnati, General Term.]

SARA HOPPLE ET AL v. CASPER V. T. HOPPLE.*

Decided, November 27, 1903.

*Attorney and Client—Husband and Wife—Parent and Child—Counsel Fees in Suit between Husband, Wife and Son Involving Property Rights.*

In an action brought by a husband to wrest from his wife an interest in land belonging to him, and also the interest belonging to the wife and the interest belonging to their son, the wife and son can not be compelled to pay the counsel fees due from the husband and earned in his undertaking to deprive them of their property.

SMITH, J.; FERRIS, J., and HOSEA, J., concur.

The action below was by Casper V. T. Hopple against the defendant, Sara H. Hopple, to have her declared a trustee for him of a large amount of real estate in this city.

---

*Affirmed by the Supreme Court without report, May 16, 1905 (72 Ohio State).

The petition alleged that on different occasions prior to July, 1898, Casper Hopple conveyed by deeds to Sara H. Hopple a large number of pieces of real estate—

"Under the express understanding and trust, to which the defendant, Sara H. Hopple, assented and agreed and then and there received the deeds under said agrement and trust, that is to say, as follows:

"Said property was to be held by said Sara H. Hopple as the property of Casper V. T. Hopple, the plaintiff herein, and for his use and benefit, and the proceeds thereof were to be held and collected and accounted for as the property of the said Casper V. T. Hopple the same as if he had not transferred and conveyed the legal title of record to the said Sara H. Hopple; and the said Sara H. Hopple was to hold the said property for said Casper's use and benefit and not for her own."

The prayer of the petition was that the defendant, Sara H. Hopple, be declared to hold the property according to the trust above set forth and for such other relief as he might be entitled to.

Sara H. Hopple in her answer denied that the conveyance made to her by plaintiff were made under any express understanding and trust, and denied that she received deeds for the same under any agreement and trust; on the contrary she alleged that the conveyances made to her were absolute.

After a protracted trial the court found from the evidence that the several deeds mentioned in the petition were not intended by the plaintiff to be absolute conveyances but as deeds conveying the real estate to Sara H. Hopple in trust for the plaintiff; and that the terms of the trust were that she would always hold the property for the support and maintenance of the plaintiff, Casper V. T. Hopple, and the defendant, Sara H. Hopple, his wife, and their only child, William Hopple.

It was further ordered that inasmuch as Sara H. Hopple had denied the said trust and refused to carry out the same that within thirty days after the entering of the decree she should convey the property to Casper V. T. Hopple, or in default of such conveyance the decree should operate as such conveyance.

It was further ordered that plaintiff pay to Sara H. Hopple for her support and maintenance the sum of one hundred and twenty-five dollars ($125) per month during her natural life and should pay to her three hundred dollars ($300) a year for the maintenance and support of the said William Hopple until he should reach the age of twenty-one years.

It was further decreed that the amount to be paid to Sara H. Hopple for herself and son should be a lien and perpetual charge upon all the real estate ordered to be conveyed by Sara H. Hopple to the plaintiff.

The decree then follows with these two clauses:

"And it is further ordered that the sum of five thousand dollars ($5,000) be allowed as counsel fees herein to Edward Colston and Wallace Burch for their services herein rendered, and that the same be made and taxed as a part of the costs of the case.

"It is further ordered by the court that all the costs of this case including the counsel fees aforesaid be, and the same are hereby made a charge and lien upon the premises and property involved herein and ordered to be conveyed to the plaintiff by the defendant, Sara H. Hopple, and payable out of the same, ahead of and prior to and preferable to any other lien or liens therein provided for, and execution or other proper process for the collection thereof is hereby awarded."

The plaintiff in error excepts to the decree of the court as a final determination of the rights of the parties except the part which taxes the fee of counsel for plaintiff as part of the costs of the case and makes the same a lien upon the property prior to the charges upon it made by the decree in favor of herself and her son; and prosecutes error for a reversal of those parts of the decree.

The general rule is that the attorney's fees of parties to any suit are not taxable as costs (5 Ency. of Pl. and Practice, 228, Section 2; *Constant* v. *Matteson et al*, 22 Ill., 546-560; *Otoe County* v. *Brown*, 16 Neb., 397-398).

And as a general rule where land is recovered by an action at law or in equity, counsel fees for the party so recovering title are not taxable as costs (*McCullough* v. *Flourny*, 69 Ala.,

189; *Higley* v. *While et al*, 102 Ala., 604; *Hanger el al* v. *Fowler*, 20 Ark., 667; *Humphrey et al* v. *Browning*, 46 Ill., 476; *Marlin* v. *Harrington*, 57 Miss., 208; *Smalley et al* v. *Clark et al*, 22 Vt., 598; *McCoy* v. *McCoy et al*, 36 W. Va., 772).

In partition actions, although brought for the benefit of all parties, counsel fees are not taxable as costs in the absence of special statute (*Strawn* v. *Strawn et al,* 46 Ill., 412; 82 Pa. St., 2329; *Keefe* v. *Fitzhugh*, 83 Tenn., 49).

The defendant in error, however, admitting the force of the authorities above cited, contends that they have no application to the case at bar, for the reason that a trust is involved and in such a case the fees of the plaintiff's counsel are taxed as a part of the costs.

The defendant in error has cited a large number of authorities which are claimed to authorize the charge made in this case. It is not necessary to examine them in detail, because they are capable of classification as follows:

First. Suits brought by a trustee to protect or recover a trust estate in which case the fees of counsel are charged against the estate as part of the costs.

The principle declared in this class of cases is elementary and needs no citation of authorities.

Second. Suits where one of many parties having a common interest in a trust fund at his own expense takes proper proceedings to save it from destruction and to restore it to the purposes of the trust.

The leading case illustrating this principle is *Trustee* v. *Greenough*, 105 U. S., 527. In that case bonds were issued by a corporation secured by a trust fund which the trustee was wasting or misapplying and which he refused or neglected to apply to the payment of the bonds. A holder of a portion of them who in good faith filed a bill to secure a due application of the fund and succeeded in bringing it under the control of the court for the common benefit of the bondholders was held entitled to be paid from the fund before its distribution, his costs as between solicitor and client.

Third. Suits instituted by creditors of an insolvent estate to set aside conveyances made by the debtor giving certain creditors a preference over other creditors, which suit is resisted by the preferred creditors. In such cases the counsel fees of the contesting creditors is paid out of the trust estate.

A case typical of this class is that of *Meed's Estate*, 163 Pa. St., 595. In that case the allowance was resisted on the ground that the preferred creditors had not been benefited by the action. The court answered the contention by declaring that—

"It was their (the preferred creditors) greed for more than they were entitled to under the trust that made the expenses necessary, and it seems to us under the circumstances they ought not to complain that the burden of paying them is laid on the common fund."

Fourth. Partnership suits in which the partnership is wound up at the instance of one partner and the assets of the partnership brought into court for distribution.

A case of this character is *Olds* v. *Tucker*, 35 O. S., 581. It is manifest, it seems to us, that these cases do not assist the contention of defendant in error. The plaintiff in this case claimed that the property held by the defendant belonged to him, the defendant being merely a trustee. The defendant claimed that the property belonged absolutely to her. The court found neither contention to be correct but found that both the plaintiff and the defendant had an interest in it, and further found that the son also had an interest, which was not recognized by either party. The action therefore by plaintiff was to wrest from the defendant not only the property interest which belonged to him, but also that which belonged to the defendant and his son, and his contention is that he should be allowed to compel the defendant and his son to pay his counsel fees in his undertaking to deprive them of their property. We think such an allowance would be inequitable and we know of no authority which compels us to make it.

The decree should be modified by striking out of it that which makes an allowance to counsel and imposes the same

as a charge upon the defendant and her son as well as upon the property.

*Ellis G. Kinkead, M. F. Wilson* and *Johnson & Levy*, for plaintiff in error.

*Edward Colston* and *Simeon M. Johnson*, for defendant in error.