# Kelly & Middleton *v.* Horsely.

*Petition to Decline to Give Effect to Discharge of Attorneys, and for Mandamus.*

(Decided June 14, 1906. 41 So. Rep. 902.)

1. *Appeal; Attorneys; Dismissal; Fees.*—The petitioners seek to prevent their discharge as attorneys unless compensation for services rendered is paid or secured, and ask a reference to ascertain what such services are reasonably worth. Held, That an appeal will not lie from an order dismissing the petition.

2. *Attorney and Client; Discharge; Fees.*—Subject to the attorney's lien upon the fund brought into court through his efforts, or

[Kelly & Middleton v. Horsely.]

upon a money judgment, obtained by his services, a client may ·dispense with the services of an attorney.

3. *Same; Property to which Lien Attaches.*—The lien of an attorney for services rendered does not attach to lands or other things, but only to money judgments.

4. *Appeal; Discharge of Attorney; Discretion.*—It is within the discretion of the trial court to give effect or not to the discharge of an attorney, in a cause pending before it, and its action will not be reviewed on appeal, unless it clearly appears that such discretion was abused.

5. *Mandamus; Scope of Remedy; Adequate Remedy at Law.*—Mandamus will not lie to enforce a legal right, unless the right is clear, and there is no other adequate remedy.

APPEAL from Jefferson Chancery Court.
Heard before Hon. A. H. BENNERS.

This is a petition on behalf of Kelly & Middleton, the purposes of which are sufficiently set out in the opinion of the court. Fom a decree dismissing the petition this appeal was prosecuted. Motion was also made for a rule nisi to the Chancellor to show cause whether he should be restrained from discharging attorneys, etc., the substance of which appears in the opinion.

KELLY & MIDDLETON, for appellant, and movant.—The client has the unqualified right to change his attorney at will, whether from motives of caprice or otherwise, subject to the exception that leave of the court which is essential to give effect to the discharge will not be granted until the discharged attorney shall have been paid his compensation for services already rendered or the same secured to him.—4 A. & E. Ency. of Law, p. 409 and cases cited; 5 Century Dig. p. 113.

PEYTON H. MOORE, for appellee. No brief came to the Reporter.

TYSON, J.—This is a petition addressed to the chancellor asking a reference to ascertain the compensation reasonably earned by petitioners, as attorneys, for services rendered respondent in a chancery suit, and for a decretal order declining to give effect to petitioners' dis-

[Kelly & Middleton v. Horsely.]

charge until their compensation for services has been paid or secured, or until further orders from the court. The case made by the allegation of the petition is that petitioners were employed by respondent to represent him in a suit pending in the chancery court of Jefferson county wherein one Cole was complainant and this appellee respondent; that pending said employment they rendered valuable services to respondent in advance and the preparation of his defense; that petitioners have been notified that their services were no longer required by respondent in conducting his defense; and that petitioners have not been paid anything for services rendered, nor have they been tendered any payment or securities for the same. On motion of respondent the petition was dismissed for want of equity.

The cause is submitted upon the record and upon a motion for a rule nisi to the chancellor for a mandamus, or other remedial writ, commanding him to show cause why he should not be required to decline to give effect to the discharge of the petitioners as solicitors for respondent until respondent shall have first either paid or secured the said petitioners a reasonable compensation for services they have already rendered him. As an appeal will not lie from the order dismissing the petition, the record is considered for the sole purpose of ascertaining whether the rule should issue as prayed. It must be observed, from reading the petition and motion that the question of substitution without compensation is not presented for decision. The gravamen of the charge is the discharge of the attorneys without payment for services rendered, or the tender of payment or security, and a request to require payment as a condition precedent to a discharge. It is not alleged that the court has refused to recognize the attorneys as appearing of record for the defense, or that other attorneys have been substituted, or are about to be substituted, by order or with the consent of the court. Hence it follows that the only question presented is the right of the court, in a proceeding of this character, to require of defendant the payment to his attorneys of fees for services rendered, or to properly secure the payment of such fees.

[Kelly & Middleton v. Horsely.]

The weight of authority seems to hold to the proposition that a client may dispense with the services of an attorney at will, and upon whatever whim, and that a motion for substitution will be granted as a matter of course, subject to the attorney's lien upon a fund brought into court through his efforts, or on a judgment obtained by his services.—3 Am. & Eng. Ency. Law (2d Ed.) 409, and note; 5 Century Dig. p. 113. Our court has never extended the lien beyond a moneyed judgment, but has often held that no lien attaches to lands or other things, other than moneyed judgments.—*Higley v. White*, 102 Ala. 604, 15 South. 141; *Hinson v. Gamble*, 65 Ala. 605 At most, the right to control the discharge of an attorney is within the sound discretion of the court having jurisdiction of the cause, and will not be reviewed, unless it clearly appears that there has been an abuse of the discretion.

Pretermitting this inquiry, however, it does not appear that movants have not an adequate remedy at law. If they have rendered service under contract, they may recover under it in a court of law; and if not, and the respondent has received the benefit of such service and accepted it, they must recover on a quantum meruit. It is only in cases where there exists a clear legal right, and there is no other adequate remedy, that mandamus will issue. If the right is doubtful, mandamus is not proper. It follows from what has been said that the chancellor properly dismissed the petition. It is also clear that the rule should not issue.

The appeal on petition is dismissed, and the rule nisi denied.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.