# Fuller, *et al. v* Clemmons.

### *Bill to Enforce Lien for Attorney's Fee.*

#### (Decided Dec. 17. 1908.  48 South. 101.)

1. *Equity; Pleading; Motion to Dismiss.*—The facts stated in a bill will be taken as true on a motion to dismiss for want of equity.

2. *Attorney and Client; Compensation; Lien; Enforcement.*—A bill to enforce a lien for attorney's fees on a monied decree obtained through the services of the attorney is not a bill to alter or disturb the decree, and need not be filed at the term of court at which the decree was rendered.

3. *Same; Lien of Attorney.*—An attorney has a lien upon a monied judgment·or decree for the services rendered by him as attorney in obtaining the judgment or decree.

4. *Same.*—The fact that the amount of the decree was paid by defendant to assistant counsel for plaintiff in the case, who had authority to receive it, and who, themselves, had a lien for their services, cannot operate in equity to defeat the lien thereon of plaintiff's principal attorney.

5. *Same; Lien; Enforcement.*—When the amount of a decree has been paid into the registry of the court, the proper and more orderly procedure would be on petition to enforce the lien for attorney's fees, rather than by original bill.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by J. I. Clemmons against Mildred Fuller and others. A motion to dismiss for want of equity was overruled, and respondents appeal. Affirmed.

HENRY CHAMBERLAIN, for appellant. The October term having expired by limitation the court lost all control over its decrees of that term, and its decree in this cause was conclusive of every question in the case, and could not after the adjournment of the term call in question by an entirely new and original bill of complaint any matter which should have been adjudicated in the suit already determined.—*McDonald v. Life Ins. Co.*, 65 Ala. 362.

[Fuller, et al. v. Clemmons.]

Under the facts in this case there was nothing to which a lien could attach.—*Lehman Bros. v. Tallassee Mfg. Co.*, 64 Ala. 603. It follows that the court erred in refusing to dismiss the bill.

C. J. TORREY, for appellee. An attorney's lien will be decreed to exist against the proceeds arising from the sale of land under a decree of the court.—*Higley v. White*, 102 Ala. 602; *Moseley, et al. v. Norman*, 74 Ala. 422; *Jackson v. Clopton*, 66 Ala. 29; *Ex parte Lehman-Durr & Co.*, 59 Ala. 631; *Warfield v. Campbell*, 38 Ala. 527.

DOWDELL, J.—The appeal in this case is taken from the decree of the chancellor overruling the respondents' motion to dismiss the bill for want of equity. The purpose of the bill is to effectuate and enforce an alleged lien for an attorney's fee in favor of the complainant on a money decree obtained by his services rendered as such attorney in favor of the respondent Mildred Fuller against one Charles H. Schwaemmle.

On a motion to dismiss a bill for want of equity, the facts stated in the bill are to be taken as admitted. After averring complainant's employment as attorney, the services rendered, and the procuring of the decree, it is stated and averred in the bill "that said sum of $500 was paid into the hands of said Boyles & Kohn (respondents), who had become associated with your orator as assistant solicitors at a very late stage of the proceedings; * * * that said sum is still in their hands and retained by them for a proper disposition of the same, and subject to orator's lien upon the same for his services as solicitor in said cause, and upon which they are advised, believe, and admit he has such lien."

[Fuller, et al. v. Clemmons.]

The "first" insistence of counsel for appellant in brief and argument, that, the term of the court at which the decree in question was rendered having adjourned before the filing of the present bill, the court has lost all control over the same, is without merit. To alter or disturb that decree in any manner is entirely foreign to the purpose of the bill. The lien of an attorney upon the judgment or decree for services rendered by him as such in the particular case, in obtaining the same, as stated in former decisions of this court, has long been a settled question in the jurisprudence of this state.— *Higley v. White,* 102 Ala. 602, 15 South. 141; *Jackson v. Clopton,* 66 Ala. 29; *Ex parte Lehman, Durr & Co.,* 59 Ala. 631; *Warfield v. Campbell,* 38 Ala. 527, 82 Am. Dec. 724. The existence of the lien in the present case is admitted, and it is further admitted that the fund representing the decree is in the hands of the respondents, Boyles & Kohn, and is held by them "for proper disposition subject to the lien." This, taken in connection with other averments in the bill, is quite sufficient to impart equity to the bill.

Under the particular facts stated in the bill, the lien given by law upon the decree attached to the funds in the hands of Boyles & Kohn. The fact that Boyles & Kohn as associate solicitors received into their hands from the defendant in the decree the amount of the decree, as they were authorized to do, having themselves a lien upon the decree for their services as attorneys, could not in equity operate to defeat the complainant's lien.

It is urged as a defense against the equity of the bill that the fund was not paid into the registry of the court. This is of no importance under the facts of the bill. The only difference that this could make would be in the procedure by the complainant for relief. If the fund had

[Gulf Compress Co. v. Harris, Cortner & Co.]

been paid into the registry of the court, the more order-
ly procedure would have been by petition to the chancel-
lor, instead of by an original bill; but not having been
paid into court, and having been paid into the hands
authorized to receive the fund, and who were not par-
ties to the cause in which the decree was rendered, the
remedy was by original bill to enforce the lien under the
particular facts in the case.

The decree of the chancellor is affirmed.

Affirmed.

TYSON, C. J., and ANDERSON and McCLELLAN, JJ., con-
cur.