### T. N. MARTIN ET AL. v. J. T. HARRINGTON ET AL.

ATTORNEY AND CLIENT.   *Lien for fee.   Land recovered.*

    An attorney, who has recovered land for his client, in an action of ejectment, has no lien thereon, to secure his fee.

APPEAL from the Chancery Court of Chickasaw County.

Hon. L. HAUGHTON, Chancellor.

The appellants, who were retained to bring an action of ejectment, for a fee payable on success, filed this bill in chancery to enforce a lien on the land which had been recovered. The only error assigned is the final decree sustaining the appellees' demurrer and dismissing the bill.

*Martin & Bates*, the appellants, *pro se*.

The principle applicable to this case is well defined in *Stewart* v. *Flowers*, 44 Miss. 513. Although that case failed to come within the rule, this one meets all the requirements. The lien attaches to the judgment and its fruits, which are the land.

*Reuben Davis*, for the appellees.

An attorney's lien depends upon possession. Secret mortgages of land are opposed to the spirit of our registration laws, and are in violation of the Statute of Frauds. Nothing in *Stewart* v. *Flowers*, 44 Miss. 513, or the authorities cited in that case, sanctions the doctrine for which the appellants contend.

GEORGE, C. J., delivered the opinion of the court.

The question presented by this record for our decision is whether an attorney who has recovered land for his client in an action of ejectment, is entitled to a lien thereon for the payment of his fee. The complainants in the bill filed to enforce

this alleged lien, who are appellants here, rely solely upon the case of *Stewart* v. *Flowers*, 44 Miss. 513, as the authority for the relief which they ask. In that case, the opinion of the court, drawn up by Mr. Justice Tarbell, is marked by great research into the authorities on the subject of the liens of attorneys for their costs and fees. Many authorities are cited and commented on, and many extracts given from opinions delivered by other judges, as to which the court express neither assent nor dissent. The conclusion reached, however, was adverse to the claim for a lien set up by the attorney, and is no adjudication in favor of the right here claimed.

The appellants' counsel cite no authority in which a lien on real estate, recovered through the efforts of an attorney, is recognized. Our own researches have led us to only two. The first is *Barnesley* v. *Powell*, Ambler, 102. In that case, although Lord Hardwicke stated in general terms that an attorney recovering an estate for his client was entitled to a lien on it for his costs, yet he allowed the lien expressly on the ground that the client was a lunatic, that his committee had a lien on the estate for expenses incurred in the litigation, and that the attorney was entitled to be subrogated to this lien of the committee. The other case is *In re Seaman*, 3 Hurl. & C. 148, in which the lien was enforced in virtue of an English statute expressly authorizing it. Neither of these cases is, therefore, authority for the lien here claimed.

This lien has been disallowed expressly in at least three American cases. In *Hanger* v. *Fowler*, 20 Ark. 667, the Supreme Court of Arkansas, in an elaborate and learned opinion, in which many English and American cases on the subject of liens of attorneys were reviewed, held that the lien as here asserted was not allowable. The court reviewed the case of *Barnesley* v. *Powell*, *ubi supra*, and for the reasons above stated concluded that it is not an authority for the lien here claimed. The court declared its inability to find a single case to support the lien as claimed; which, if allowed, it said, would be an "extension of the doctrine of the solicitor's lien beyond any adjudged case, and would in effect create an equitable mortgage, which would be exposed to all the objections that have been or can be made to the doctrine of equitable

mortgages in England, and even more, under our registry system, without having the same plausible ground to stand upon, which is the presumed agreement to execute a legal mortgage." *Smalley* v. *Clark,* 22 Vt. 598, contains an able and elaborate opinion of the Supreme Court of Vermont, in which the same conclusion is reached. In the still later case of *Humphrey* v. *Browning,* 46 Ill. 476, the Supreme Court of Illinois cited and reviewed many cases on this subject, and said: " A careful review of the authorities cited satisfies us that no such lien " " has ever been allowed in any court in England, or in any of the States of this Union." The court further say: " It may be a lawyer's services in recovering a tract of land by suit are as meritorious as those of a carpenter or mason who builds a house ; but the latter had no lien until it was given to them by an express statute. At common law, liens of particular persons, in certain cases, were recognized and enforced, but they were of a kind that attached to an article in the actual possession of the bailee. If he parted with the possession, the lien, in general, was lost." " Such a lien would be a secret lien, which the policy of the law does not encourage, and when claimed, must be supported by unquestioned authority." Montagu, in his Summary of the Law of Lien, p. 59 *et seq.,* in naming the subjects on which an attorney's lien attaches, omits all mention of land.

But the doctrine of equitable mortgages by a deposit of title-deeds has never been recognized in this State. In *Gothard* v. *Flynn,* 25 Miss. 58, the High Court of Errors and Appeals hold such a mortgage to be in conflict with the Statute of Frauds ; and it is settled doctrine here, that no exceptions will be engrafted on that statute. Under this state of the law, we are not authorized to extend the lien of attorneys to land recovered by their efforts, however meritorious those efforts may have been. Attorneys who rely upon the estate to be recovered as a security for their fees must therefore take a lien by contract in writing.

The decree of the Chancellor was in accordance with these views, and is therefore                    *Affirmed.*