ROBERT E. HALSELL *v.* WILLIAM D. TURNER.

1. ATTORNEY AND CLIENT. *Attorney's lien. Extent.*

An attorney has a lien on the funds of his client for services rendered in the proceedings by which the money was collected, but not for services rendered in other cases.

2. SAME. *Exemptions. Wages. Code* 1892, *§* 1963, *par.* 10*a.*

Money collected by an attorney on a claim due his client for wages, exempt from execution or garnishment under Code 1892, § 1963, par. tenth (a), is not exempt from the attorney's lien.

FROM the circuit court of Jones county.

HON. JOHN R. ENOCHS, Judge.

Turner, appellee, was plaintiff, and Halsell, appellant, was defendant in the court below. From a judgment in plaintiff's favor the defendant appealed to the supreme court.

Turner employed Halsell to collect a debt due him from the city of Laurel for wages, of which $100 was exempt from execution or garnishment under Code 1892, § 1963, par. 10*a.* Halsell brought suit, and collected $116.80, and kept it, claiming that Turner owed him all of it except about $11 as attorney's fees for services rendered as such on several different occasions. Turner brought this suit against Halsell to recover the entire sum collected. The court below gave a peremptory instruction to find for the plaintiff for the entire amount.

*Harper & Potter,* for appellant.

It is well settled in Mississippi that a lawyer has a lien on the funds of his client in his possession, collected under a judgment, for his fee in that particular case, but not on a general account. *Stewart* v. *Flowers,* 44 Miss., 515; *Pope* v. *Armstrong,* 3 Smed. & M., 214; *Cage* v. *Miles,* 3 Smed. & M., 223; *Harney* v. *DeMoss,* 3 Howard, 175.

The court clearly erred in giving the peremptory instruction in favor of Turner for the full amount. It should have allowed Halsell to offset his fee for services rendered in obtaining and collecting the money in his hands, since he had a lien on it for his fee. It is manifest that Turner's right to an exemption could not prevail against the lien of Halsell on this specific fund.

*R. E. Halsell, pro see,* on same side.

*Olin C. Hunt,* for appellee.

An attorney may have a lien on a client's papers for a general balance of account; but he has no such lien on his client's money. His lien on money is limited to a liquidated fee in the case in which the money is collected, and unless the fee is liquidated, he has no lien. And his right of set-off is good only to the extent of his lien for fees in that particular case. *Dunn* v. *Vannerson,* 7 How. (Miss.), 579; *Pope* v. *Armstrong,* 3 Smed. & M., 214; *Case, Assignee,* v. *Wilkinson & Miles, Id.,* 223; *Pugh, Administrator,* v. *Boyd,* 38 Miss., 326; *Stewart* v. *Flowers,* 44 Miss., 531, and cases there cited; *Harney* v. *DeMoss,* 3 How. (Miss.), 175.

But appellee forfeited his right to a fee in the case of *City of Laurel* v. *Turner* because of his refusal to pay over the $116.80 collected in that suit. "When an attorney collects money for his client, and, without legal reason, retains the same and refuses to pay it over, whereby the client is forced to resort to legal proceedings against him, involving the employment of another attorney, the collecting attorney loses his right to com-

pensation for the collection of the funds." 3 Am. & Eng. Ency.
Law (2d ed.), 444, and notes. It is as much a part of the at-
torney's contract to pay over as to collect funds, and if he
breaches his contract, he cannot recover anything. *Wooten* v.
*Read,* 2 Smed. & M., 585; *Timberlake* v. *Thayer,* 71 Miss.,
279; *Gray* v. *Conyers,* 70 Ga., 349; *Breden* v. *Kingland,* 4
Watts (Pa).

There is still another reason why no set-off can be allowed
against the $116.80 collected: Turner is a laborer and the head
of a family, and claims his exemption as such. To allow the
set-off would defeat our exemption laws by taking from him
that which the law undertakes to guarantee him. *Cleveland*
·v. *McCanna,* 66 Am. St. Rep., 670; *Pruitt* v. *Beard,* 44 Am.
Rep., 280; 22 Am. & Eng. Ency. Law (1st ed.), and cases cited
in note 3.

TRULY, J., delivered the opinion of the court.

The rule in this state has always been that an attorney has
a lien on the funds of his client for the services rendered in
the proceeding by which the money was collected. *Dunn* v.
*Vannerson,* 7 How., 579; *Pope* v. *Armstrong,* 3 Smed. & M.,
221; *Cage* v. *Wilkinson, Id.,* 223; *Stewart* v. *Flowers,* 44 Miss.,
518 (7 Am. Rep., 707). This lien applies so long as the attor-
ney has the funds in his possession, and is paramount to any
other claim. The rule is the same whether there exists an ex-
press contract between attorney and client for a stated fee or
whether there is only an implied contract to pay the reasonable
value of services rendered. Appellant's contention that he was
entitled to apply the entire proceeds of the judgment which he
had obtained for his client to the credit of the general account
of the client for fees claimed for services rendered in other
matters is unsound. His claim is limited to the contract price
agreed upon, or the reasonable value of services rendered, in
the special case.

The contention of appellee that this lien does not apply in the instant case because the fund in the hands of the attorney represents appellee's wages, which he claims as exempt, is likewise unsound. The lien which appellant has applies to the money in his hands, and cannot be defeated on the ground that appellee's interest therein might be exempt from seizure under legal proceedings instituted by third persons. The attorney has a prime lien granted by law and growing out of the relation of the parties.

*The instruction of the court below proceeded upon an erroneous theory. Wherefore the judgment is reversed and the cause remanded.*