BRAHAN v. NATIONAL LIFE & ACCIDENT INS. CO.

[87 South. 7. No. 21560.]

ATTORNEY AND CLIENT. *No lien on judgment for services where at-
torney not employed by judgment creditor.*

The attorney has no lien upon a judgment for services securing
it, where he was not employed by the judgment creditor.

APPEAL from circuit court of Lauderdale county.
HON. R. W. HEIDELBERG, Judge.

.   Claim by F. V. Brahan, attorney, to lien on judgment
rendered in suit by one Thomas against the National Life
& Accident Insurance Company. Judgment for defendant,
and plaintiff appeals. Affirmed.

*F. V. Brahan,* for appellant.

The testimony is fully set out in the short record, but
I submit, with much earnestness, that, under the case of
*Harris* v. *The Oil Company* in 78 Miss., page 603, I had
an equitable lien on the judgment I had procured and after
notice to Mr. McCall, Attorney, for the insurance com-
pany, it bound my claim to the money in his hands when

paid to him by his client, and he should have notified me before paying the money, and if the other claimants and myself could not have agreed on a division, he should have invoked the equitable interpleader as provided by section 2351 of the 1906 Code. It is manifest that Mr. McCall recognized my notice given him, by his paying the money to the clerk of the circuit court instead of to Brown or client, but not notifying me of his so paying, or having the clerk to notify me to interplead, was no benefit to me, and his failure to observe my notice, or follow the statute makes his client liable to me. ·

I don't charge that McCall in so paying the money intended and desired to do me a wrong, but it is significant from this record that he paid less through an agreement with Brown than he could have through me, because the judgment appealed from was two undred dollars and five per cent damages on affirmance, and interest made the judgment at the time he paid it, over two hundred and twenty-five dollars, and, it is in the testimony that before the judgment of two hundred dollars was paid to Brown, or to the clerk who forthwith delivered the check to Brown, the latter fraudulently, and falsely, filed a petition with chancellor Tann to get an order as authority for McCall to pay him the money. Representing the judgment was less than two hundred dollars and, under the statute, it could be paid to any person for the minor, and the first I knew of this petition, and order, McCall showed me copies of them and undertook to defend this suit on such authority in the J. P. court.

I submit further, that I had a legal lien for a reasonable fee, or for the fee Brown and I agreed, seventy-five dollars (which is undisputed by the record). Under the case of *Halsell* v. *Turner* in 84 Miss., page 432 ie. I had a lien against the fund I produced, and clients having accepted my services and gotten the benefit of them, could not have been heard to repudiate the employment by Brown of my services if they had attempted it. Brown had the case

124 Miss.—11

originally and brought it in the J. P. court, and told me he had a contract with plaintiff on a contingent fee of one-half that was recovered, and he agreed to divide his half with me, and later, while the case was pending, we had the conversation as I testified, and it was agreed that my fee would be seventy-five dollars. When the case reached the circuit court, Brown thought he could best serve as a witness, and employed me who served as attorney, in two hearings on motions in circuit court and in this court, and I think I well earned my fee, and should be paid it.

The court further erred in refusing the peremptory instruction as asked by appellant for the reason that payment of this money to the circuit clerk was no payment of the judgment. See George's Digest, page 443, also, see 91 Miss., page 501; *Brooks Oil Co. v. Weatherford.* In conclusion, I respectfully ask the court to reverse this judgment, and render judgment in my favor for seventy-five dollars and interest.

*Jno. W. McCall,* for appellee.

Appellant says that he bases his claim upon a legal or equitable lien which he had on the funds by reason of his winning the case. Mr. Brahan does not claim to have ever had an agreement with the client, and does not claim to have had an agreement with Brown until after the supreme court affirmed the order dismissing the appeal and then it was that Brahan told Brown that he (Brahan) was going to charge seventy-five dollars for his services.

First, the client is a minor; Second, the client has never made any assignment or other contract with any attorney as to the fees and has not authorized others to do so; Third, Mr. Brahan has never seen or conferred with this client; Fourth, Brahan was employed by Brown to assist Brown in the case.

An equitable lien can be created only by (1) a party who has authority to assign and does then and there assign an interest in the claim.  An equitable lien does not arise simply by reason of the relationship of attorney and client.  The equitable lien must arise out of some contractual, expressed or implied, agreement.  We submit that there is only one exception to this rule and that is where the attorney employed by the client, creates a fund and actually holds the proceeds in his hands.  Then so long as he holds the proceeds he may enforce his rights, otherwise he cannot, so far as a lien is concerned.  *Irving* v. *Strother,* 50 So. 696.

Appellant relies on the Harris case reported in 30 So. 270.  In this case the client did make an equitable assignment of "forty per cent of the amount they should recover in judgment," and Mr. Mayes says in his excellent brief filed in that case that "we are not attempting to assert a lien growing out of our relations with Harris as attorney," but upon a contractual right.

The other case referred to by appellant is the case of *Hassell* v. *Turner,* 84 Miss. 432.  In the opinion of the court Judge TRULY said in this case: "This lien applies so long as the attorney has the funds in his possession. An examination of the authorities cited by this honorable court in the above opinion will show that in every case where the lien was upheld or established, the funds were held in the possession of the attorney.  We call especial attention to the most able and exhaustive opinion in the case of *Stewart* v. *Flowers,* 44 Miss. 531.

But if the court please, granting that appellant did help create the fund amounting to two hundred dollars there were no damages taxed for the reason that the order on appeal was simply the dismissal of the appeal, and granting further for the sake of argument that Brown did agree to pay appellant seventy-five dollars, still Mr. Brahan must fail in this cause for the reason that he does not undertake to show that he was employed by or for

Thomas, but that he was employed by Brown to be paid by. Brown, in order that Brown might be more effective, I now quote from appellant's brief "softly," "serve as a witness."

I respectfully submit, that while I feel that Mr. Brahan earned his fee in this case and that Brown should have it, if he did not, still this claim against the insurance company for the fee is without merit.

Holden, J., delivered the opinion of the court.

Mr. Brahan, an attorney, appeals from a judgment peremptorily denying him recovery for seventy-five dollars, claimed as a fee for services rendered in a suit by one Thomas against the appellee.

The case is simply this: Attorney Brown sued the appellee insurance company for Thomas in the justice court and obtained a judgment for one hundred and ninety-nine dollars. Upon appeal to the circuit court Attorney Brown assumed the role of witness, and the appellant Brahan was employed by Brown to take his place as attorney in the case. Judgment was rendered for two hundred dollars against the appellee in the circuit court, which was appealed from to this court, but the appeal was dismissed without a hearing upon the merits. At this juncture it seems that Attorney Brown agreed to pay Attorney Brahan, the appellant, seventy-five dollars for his services in the case. Mr. Brahan thereupon notified the appellee insurance company to pay him the seventy-five dollars out of the two hundred dollar judgemtn due by it to the said Thomas, but the appellee insurance company paid the amount of the judgment to the circuit clerk of the court where it was rendered. The appellant Brahan did not claim that he had any assignment against the judgment. He did not have any contract of employment with Thomas, the plaintiff, who was a minor negro child. He had no authority to act for Thomas, the minor, except through his employment by At-

torney Brown. Brown had no authority from the minor child, or otherwise, to employ Brahan.

Upon this state of facts the circuit judge granted a peremptory instruction denying recovery to the appellant Brahan, and we think his action was correct. There was no contractual relation of attorney and client between Brahan and Thomas, consequently no lien existed; therefore an assignmnet was necessary to give Brahan a lien upon the judgment and there was no legal or equitable assignment to him of any part of the judgment which would have been necessary in order to bind the appellee judgment debtor. Appellant has no remedy except against Attorney Brown who employed him to render the service in the case.

The appellant cites and relies upon the cases of *Harris* v. *Hazlehurst Oil Mill Co.*, 78 Miss. 603, 30 So. 273, and *Halsell* v. *Turner*, 84 Miss. 432, 36 So. 531. But these cases are not in point for the appellant. In the first case there was an equitable assignment by the judgment creditor to the attorneys who were employed by him. Not so here. In the second case the attorney had a lien upon the funds in his possession for services rendered in collecting the money for his client. That was a different case from the one at bar. Here there was no lien of Mr. Brahan for any of the reasons given in the two cases cited.

The judgment of the lower court is affirmed.

*Affirmed.*