ABERNETHY *et al. v.* SAVAGE.

(Division A. Feb. 16, 1931. Suggestion of Error Overruled March 30, 1931.)

[132 So. 553. No. 29198.]

T. G. Abernethy, of Okolona, and J. H. Ford, of Houston, for appellant.

**Stovall & Stovall,** of Okolona, for appellee.

**Cook, J.,** delivered the opinion of the court.

This is an appeal from a decree of the chancery court of the Second Judicial District of Chickasaw county by the several heirs at law of M. L. Abernethy, who died intestate on the 25th day of January, 1927.

At the time of his death the said M. L. Abernethy had two policies of insurance on his life, issued by the Mutual Life Insurance Company of New York, in the sum of five thousand dollars each. He had also made application to the Prudential Life Insurance Company of America for two five thousand dollar policies of in-

surance. These policies had been issued, but were not in accordance with the plan or terms of insurance applied for, and had not been delivered by the agent of the company at the time of the death of the said M. L. Abernethy. At the request of the appellants, the heirs at law of the deceased, W. E. Savage, the appellee, was appointed as administrator of the estate of the deceased, and the firm of Stovall & Stovall, attorneys, was employed to represent the said administrator. The estate of the deceased proved to be insolvent, there being no property unincumbered other than the above-mentioned insurance policies; and both the Mutual Life Insurance Company and the Prudential Life Insurance Company refused payment on the respective policies issued by each of them.

Thereafter, upon leave of the court first obtained, suit was instituted against the Mutual Life Insurance Company on the two policies issued by it, and against the Prudential Life Insurance Company, there was filed a suit in tort for the alleged negligence of the company in failing to pass upon the application for insurance, and in failing to deliver the policies applied for, within a reasonable time; it being agreed and understood that the attorneys representing the administrator in these suits would be compensated for the services rendered therein upon a contingent basis, the amount of the said compensation, or attorneys' fee, to be fixed by the chancery court in which the administration was pending. The suit against the Mutual Life Insurance Company was filed in the United States District Court, and resulted in the recovery of a judgment against the company for the amount of the two policies, with interest. From this judgment there was an appeal to the United States Circuit Court of Appeals, where the judgment was affirmed, Mutual Life Insurance Company v. Savage, 31 F. (2d) 35, and thereafter the amount of the judgment, with interest amounting to one thousand two hundred thirteen dollars

and twenty-one cents, was paid to the administrator. The suit against the Prudential Life Insurance Company was filed in the state court, and resulted in a judgment in favor of the insurance company, which, on appeal, was affirmed by this court. Savage, Adm'r v. Prudential Life Insurance Co., 154 Miss. 89, 121 So. 487.

After the judgment against the Mutual Life Insurance Company had been collected, the administrator, through his attorneys, filed a petition in the chancery court, setting forth the fact that the above-mentioned litigation had been prosecuted to a conclusion, and that the attorneys who represented the administrator in this litigation had been employed on a contingent basis, and that there were practically no assets of the estate except the money collected on the aforesaid insurance policies. This petition set forth that under the provisions of section 1757, Code of 1930, the proceeds of a life insurance policy not exceeding five thousand dollars, payable to the administrator, inures to the heirs, free of all liability for the debts of the decedent, with certain exceptions therein enumerated, and prayed that the court enter a decree determining what fee should be paid to the attorneys for services rendered in collecting the said insurance, and what proportion of said fee should be paid out of the funds in the hands of the administrator that were subject to the debts of the decedent, and what portion thereof should be paid out of the funds that were exempt to the heirs of the decedent. Two of the heirs at law joined in this petition by making affidavit to its correctness, and without notice to the other heirs, the petition was heard in vacation, and the court entered a decree fixing the fees to be paid the attorneys at fifty per cent. of the amount of insurance collected, or five thousand six hundred six dollars and sixty cents; and ordering the administrator to pay fifty per cent. of this fee out of the funds to which the heirs at law were entitled as exempt

under the statute, and the remainder out of the funds of the estate that were not exempt.

Thereafter the administrator deducted from the five thousand dollars exempt to the heirs by law fifty per cent. of the attorneys' fee allowed by the court, and tendered to them the balance of two thousand one hundred ninety-six dollars and seventy cents, which was refused; and thereupon the heirs filed their bill of complaint in the chancery court, setting forth the above-stated facts, and praying that, after having paid the entire fee allowed the attorneys out of the amount recovered on the insurance policies, the administrator be required to pay to the heirs at law the full sum of five thousand dollars exempt to them by statute. The administrator answered this bill, setting forth the fact of the prior order of the court touching the matter of the allowance and payment of this fee, but expressly stating that he did not desire to interpose any legal technicalities or objections that might create an estoppel or prevent an adequate hearing on the questions presented thereby. After a full hearing of the matter, the chancellor entered a decree ratifying and confirming the former vacation decree, directing the payment of this fee, and dismissed the bill of complaint; and, from the decree so entered, this appeal was prosecuted.

Upon this record there is no question raised as to the amount of the fee allowed, or as to the right of the heirs to file this independent bill of complaint to require the administrator to pay to them out of the proceeds of the insurance policies the sum of five thousand dollars. The question presented by the appeal is whether or not, under the facts stated, any part of the attorneys' fee incurred in the collection of the insurance which was payable to the administrator of the decedent was properly chargeable against the amount of the insurance which was exempt to the heirs, freed from all liability for the

debts of the decedent, with certain exceptions named in the statute; and the statute here involved is section 1757 of the Code of 1930, which reads as follows: "The proceeds of a life insurance policy not exceeding five thousand dollars payable to the executor, or administrator, of the insured, shall inure to the heirs or legatees, freed from all liability for the debts of the decedent, except premiums paid on the policy by any one other than the insured, for debts due ·for expenses of last illness and for burial: but if the life of the deceased be insured for the benefit of his heirs or legatees at the time of his death otherwise, and they shall collect the same, the sum collected shall be deducted from the five thousand dollars and the excess of the latter only shall be exempt. But no fee shall be paid or allowed by the court to the executor or administrator for handling same."

The policy of the law is that statutes granting exemptions should be liberally construed in favor of the exemptee, and, in the case of Delta Insurance & Realty Co. v. Benjamin, 122 Miss. 275, 84 So. 226, it was held that one manifest purpose of this statute, section 1757 of the Code of 1930, is to exclude all of the general creditors of the decedent from participating in the proceeds of the life insurance policy not exceeding five thousand dollars payable to his executor or administrator, and to cause the proceeds of such a policy to inure to the benefit of the heirs or legatees of the insured, in event he should die leaving debts, to the same extent that it would have inured to their benefit had he died leaving no debts other than those excepted from the exemption created by statute, and that to accomplish this purpose creditors of the classes excepted from the exemption would be permitted to share in the proceeds of such an insurance policy only when the decedent's general estate is insufficient to pay such debts. In the case at bar the amount of insurance payable to, and collected by, the administrator was large-

ly in excess of the statutory exemption to the heirs. It was the duty of the administrator to' proceed to collect these assets of the estate, and in so doing it became necessary for him to incur this attorneys' fee as a part of the cost or expense of administration. There being no other general statute that could be resorted to for the payment of this attorneys' fee, the amount of which is not challenged either by the heirs or creditors, it was properly chargeable against the total amount received on the insurance policies which were payable to the administrator. After deducting the amount ·of this fee from the sum realized from this insurance, there remained, as the net proceeds of such insurance, more than enough to pay them the full amount exempt by law. Under these circumstances, we are of the opinion that the heirs are entitled to receive, out of the net proceeds of the insurance collected, the full amount of the statutory exemption, and therefore the judgment of the court below will be reversed, and a decree will be entered here directing the administrator to pay to the heirs at law, out of the net proceeds of the insurance collected, the sum of five thousand dollars.

Reversed, and decree here.