ABERNETHY *et al. v.* SAVAGE *et al.*

(Division B. April 25, 1932.)

[141 So. 329. No. 29980.]

See, also, 159 Miss. 506, 132 So. 553.

**J. H. Ford,** of Houston, and **Thos. G. Abernethy,** of Okolona, for appellants.

**Stovall & Stovall,** of Okolona, and **Owen & Garnett,** of Columbus, for appellees.

Thos. L. Haman, of Houston, for appellees.

**Griffith, J.**, delivered the opinion of the court.

M. L. A,bernethy died intestate on January 25, 1927. Appellee W. E. Savage was appointed administrator of the estate, which was found to be insolvent, there being but little, if any, property unincumbered and available as general assets, except two policies of insurance on the life of the decedent. These policies were issued by the same insurance company and were in the sum of five thousand dollars each. The insurance company denied liability, and refused to pay any part of either of said policies, and it became necessary for the administrator to

institute suit and to prosecute the same through the federal courts. The administrator was without funds to employ attorneys for this purpose by the payment of a cash fee, and was therefore obliged to contract for the service on a contingent basis. The administrator, with the approval of the chancellor, employed appellees Stovall & Stovall as attorneys to prosecute the action, with the agreement that the attorneys would be paid for their services contingent upon recovery, and at such a percentage of the total amount collected as should be fixed by the chancery court, if and when the recovery should be accomplished.

The suit was duly and successfully prosecuted by the attorneys, and the judgment obtained by them in the trial court was affirmed by the federal circuit court of appeals. Mutual Life Ins. Co. v. Savage (C. C. A.), 31 Fed. (2d) 35. Thereafter the insurance company paid the amount required by the affirmance of the federal court of appeals in three checks, aggregating the sum of eleven thousand two hundred thirteen dollars and twenty-one cents. These checks were payable jointly to the administrator and to the attorneys, and when received were placed in bank to the credit of the administrator, but with the condition and indorsement upon the face of the bank account that no check upon said deposit would be good until countersigned by one of said attorneys. The fund thus remained until the chancery court convened, at which time the court made an order fixing the percentage which the attorneys should receive out of the said insurance funds at one-half of the aggregate amount. Thereupon the administrator, on May 27, 1929, issued to the attorneys his check on said bank account for the sum of five thousand six hundred six dollars and sixty cents, being one-half of the sum which the attorneys had brought into the estate by their services aforesaid, and there was left on hand in bank, to the credit of the administrator, the other one-half of the funds.

In the order of the chancery court allowing the attorneys one-half of the funds for their services, it was directed that the administrator pay the fee proportionately out of the five thousand dollars of the fund exempt by law to the heirs of the decedent and out of the remainder above five thousand dollars. But, as already mentioned, the administrator paid the attorneys in one check drawn on the entire funds as then on deposit as aforesaid. The heirs at law were dissatisfied with the order that a proportionate part of the fee should be charged against the exempt part of the insurance money, and appealed to this court, where it was held in Abernethy v. Savage, 159 Miss. 506, 132 So. 553, that, inasmuch as there was sufficient of money to pay the attorneys in full and thereupon have left over more than the five thousand dollars exempt, the administrator should pay to the heirs at law the entire amount of their five thousand dollars exemption. Pending the appeal aforesaid, the administrator had paid to the heirs, under an agreement that the payment should be without prejudice to their appeal, the sum of two thousand one hundred ninety-six dollars and seventy cents, leaving a balance on deposit of two thousand seven hundred fifty-seven dollars and seventy-nine cents, and which balance resulted after the payment also out of the funds of funeral expenses and a few other items not necessary here to mention. Before the appeal aforesaid could be determined by this court, the bank closed its doors, and it is now in liquidation, with the result in doubt as to when or how much of the balance which was on deposit in said bank will be paid. The present suit is by the heirs against the attorneys and against the administrator to recover of them jointly the balance of the exempt money or the sum of two thousand eight hundred three dollars and thirty cents. The court on the hearing dismissed the bill on its merits so far as concerns the appellee attorneys,

and dismissed it without prejudice as to the administrator.

The dismissal without prejudice as concerns the administrator was correct, because the bill was not framed so as to present the issues as to which the court made the reservation of dismissal without prejudice, and, as to the issues actually tendered by the bill, the decree is correct on the facts. ·

The law in this state has long been settled that an attorney has a prime and paramount lien on the funds which his services as an attorney has produced for his client, and that this lien applies alike to exempt as well as nonexempt funds. This lien applies so long as the attorney has the funds in his possession and is superior to any other claim. Halsell v. Turner, 84 Miss. 432, 36 So. 531. The facts recited, in respect to the deposit, show that the attorneys retained the funds within their control, so that in the sense of the law in respect to the attorneys' lien the whole of the fund remained in their possession. When the court fixed the amount of their contingent fee at fifty per cent of the entire amount collected, the attorneys' lien, which then and all the while had rested upon the entire amount both as to the exempt and nonexempt portion, could not be discharged or satisfied except by the payment to them of the full amount of said one-half, or the sum of five thousand six hundred six dollars and sixty cents, which was the exact payment which was made to them. When they received this amount, they received no more and no less than the precise amount to which they were entitled. In the payment to them of said sum of five thousand six hundred six dollars and sixty cents, they received only that which was their own, and which thereupon became their absolute and separate property without any conditions or contingencies or drawbacks whatsoever adhering therein, or possible of creation by any subsequent happenings to the remainder of the funds. Questions respecting the remainder of the

funds after the payment to the attorneys of their half, and as to what was to be done with that remainder, or arising out of what happened to the said remainder, are all questions between the heirs, the creditors of the estate, and the administrator. The attorneys cannot now be drawn back into those questions by attempting to take from them a part of what was theirs and what was paid to them as theirs, and which then and at all times since has remained their own property, so far as any other of the parties to this suit are concerned.

Affirmed.