## WEBSTER v. SWEAT.
### No. 6741.

Circuit Court of Appeals, Fifth Circuit.
May 20, 1933.

Chester L. Sumners, of Corinth, Miss., for appellant.

W. C. Sweat, of Corinth, Miss., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

BRYAN, Circuit Judge.

This is an appeal by the receiver of a failed national bank from an order allowing fees to appellee as attorney for the bank prior to its failure, declaring a general retaining lien upon all notes and papers which appellee had in his possession for collection or for purposes of suit, and declaring special charging liens in cases where he had reduced the bank's claims to judgment. The amount of the fees fixed by the court is not questioned, but the order is challenged in so far as it undertakes to give any lien for attorney's fees. In several cases charging liens which were allowed upon judgments obtained by appellee were extended to land attached or sold in satisfaction of those judgments; but in each such instance the suit was brought upon notes held by the bank, and not for the recovery of or establishment of title to land. In one suit upon a judgment appellee was given a specific lien for his fee, although he ceased to represent the bank before trial. It does not appear whether he or some other attorney obtained the judgment upon which that suit was brought.

At common law an attorney has a lien on all papers of his client which come into his possession in the course of his professional employment. This lien is not limited to the papers in any particular suit, but extends to the general balance due to the attorney for any and all professional services performed by him for his client. It is passive, and ordinarily cannot be enforced by any proceeding in court, but it entitles the attorney to retain possession until all his fees are paid. Welsh v. Hole, 1 Doug. 238; Bozon v. Bolland, 4 Myl. & C. 354; Andrews v. Morse, 12 Conn. 444, and note to that case in

110

31 Am. Dec. 755. An attorney also has a special or charging lien which entitles him to have his fee in any particular case paid out of the judgment which he recovers. He is considered as assignee of the judgment to the extent of his fee. Bozon v. Bolland, supra; In re Wilson (D. C.) 12 F. 235; Weed Sewing Mach. Co. v. Boutelle, 56 Vt. 570, 48 Am. Rep. 821; 2 R. C. L. 1069; 6 C. J. 766. Liens of both kinds have been adopted in most of the states; and they are recognized in Mississippi, from which this case comes. Pope v. Armstrong, 3 Smedes & M. (Miss.) 214; Stewart v. Flowers, 44 Miss. 513, 7 Am. Rep. 707; Halsell v. Turner, 84 Miss. 432, 36 So. 531. Federal courts, although they recognize no common-law lien in favor of attorneys, give effect to the laws of the states in which they are held. Central Railroad & Bkg. Co. v. Pettus, 113 U. S. 117, 127, 5 S. Ct. 387, 28 L. Ed. 915. Liens arising by operation of state law prior to the failure of a national bank are not invalidated by receivership proceedings under R. S. § 5234 (12 USCA § 192). Scott v. Armstrong, 146 U. S. 499, 510, 13 S. Ct. 148, 36 L. Ed. 1059. In Martin v. Harrington, 57 Miss. 208, it was held that the attorney was not entitled to a lien on land recovered in an action of ejectment, and it seems to be the generally accepted rule that a charging lien is not created in actions of ejectment or for the recovery of land. Higley v. White, 102 Ala. 604, 15 So. 141; 2 R. C. L. 1077; 6 C. J. 780. Appellant therefore insists that the District Judge erred in allowing liens on the land recovered. But this is to overlook the right after judgment is recovered to extend the lien to the fruits of the judgment. Once a judgment is recovered, the lien attaches to and follows it. 2 R. C. L. 1079. Where land is taken in satisfaction, the attorney's lien is transferred from the judgment to the land. If this were not so, the attorney would lose his lien in all cases where land instead of money is taken in satisfaction of the judgment. It is true that the charging lien does not attach until judgment is recovered. Stewart v. Flowers, supra. But the record before us, while it states that a lien was allowed in the suit upon a judgment which had not been tried by appellee, fails to disclose that appellee did not obtain the judgment sued on. For all that appears, the lien was allowed for the reason that appellee was suing upon a judgment which he himself had recovered. Besides, this is a controversy between attorney and receiver, and therefore the District Judge had the right in the exercise of a sound discretion to see to it that the receiver did not get the benefit of the attorney's services without paying for them in full.

The order appealed from is affirmed.