**BROTHERS IN CHRIST, INC. and Reynolds Prewitt and Bradley, Plaintiffs,**

v.

**AMERICAN FIDELITY FIRE INSURANCE COMPANY, Defendant and Third–Party Plaintiff,**

v.

**John M. BURGE, Mrs. John M. Burge, H.S. Smithson, Jr., Mrs. H.S. (Billie) Smithson, and John M. Burge, III, Third–Party Defendants,**

v.

**ROBINSON ELECTRIC SUPPLY CO., INC., Intervenor/Defendant.**

Civ. A. No. J85–0468(L).

United States District Court, S.D. Mississippi, Jackson Division.

Oct. 9, 1987.

---

Robert Bass, II, Jackson, Miss., for plaintiffs.

David L. Reynolds, Reynolds, Prewitt & Bradley, Jackson, Miss., for third-party defendants.

Dan Angero, Ray & Cobb, Meridian, Miss., for intervenor/defendant Robinson Elec.

## MEMORANDUM OPINION
## AND ORDER

TOM S. LEE, District Judge.

This cause is before the court for decision based on stipulations entered into and admissions made by the parties. The court has reviewed the briefs, pleadings and stipulations in reaching its decision.

At issue in this lawsuit are the rights of various entities to a retainage fund for a construction project at East Mississippi Junior College. On July 9, 1981, Brothers In Christ, Inc. (Brothers) contracted with East Mississippi Junior College to perform work on the opthalmic technology lab at the school. American Fidelity Fire Insurance Company (AFFI) issued payment and performance surety bonds for the project for and on behalf of Brothers, the general contractor. As a condition to the issuance of the bonds, Brothers, along with the third-party defendants herein, Mr. and Mrs. John M. Burge, H.S. (Billie) Smithson and John M. Burge, III, executed a general agreement of indemnity by which they agreed to

> indemnify and save the company (AFFI) harmless from and against every claim, demand, liability, loss, cost, charge, counsel fee, payable on demand of surety, whether actually incurred or not, (including fees of special counsel whenever by the company deemed necessary) expense, suit, order, judgment and adjudication whatsoever, and any and all liability therefor, sustained or incurred by the company by reason of having executed or procured the execution of said bonds or obligations.

Although Brothers completed the work under its contract with the college, it apparently failed to make timely payment to all subcontractors and suppliers involved in the project. Consequently, when Brothers applied for payment of the balance of the contract price in the sum of $11,043.00 in June of 1982, the college (owner) withheld final payment under the contract.

Although the college ultimately did release the retainage of $11,043.00, some of the unpaid materialmen had, in the interim, made demand for payment upon AFFI. The first request for payment from AFFI was by Martin School Equipment Company, Inc. (Martin). After repeated demands by Martin, AFFI called on the indemnitors,

including Brothers, to indemnify AFFI in accordance with the terms of the indemnity agreement. Martin's claim was then paid by Brothers, which, upon payment to Martin, provided AFFI with an affidavit stating that all outstanding claims by the subcontractors had been paid.[1] Notwithstanding the representations in the affidavit, more claims were made by materialmen against AFFI on the bond, including one by Southeastern Floor Covering, Inc. (Southeastern) in the amount of $5432.60 which AFFI paid.[2]

A claim was also made by Robinson Electric Company (Robinson) in the amount of $3297.29 for materials furnished. This claim was not paid by either AFFI or Brothers; hence, Robinson has intervened in this lawsuit asserting entitlement to payment of its claim, along with reasonable attorney's fees, out of the retainage, and prior to any other payments. Alternatively, and in the event of not being allowed to recover from the retainage, Robinson seeks a judgment against Brothers for the amount claimed due.[3]

The issues presented in this case involve the rights of the parties to the retainage fund, which is insufficient to satisfy the claims of all parties. Brothers and its counsel, Reynolds, Prewitt & Bradley (Reynolds), brought this action asserting an equitable attorney's lien in favor of Reynolds and seeking enforcement of that lien.[4] AFFI's answer to the complaint included a counterclaim against Brothers and Reynolds and a third-party complaint against the remaining indemnitors. The counterclaim asserted a right to priority in the retainage together with a right to indemnity from Brothers for all losses, expenses and attorney's fees incurred by reason of AFFI's having issued the bonds to Brothers. The third-party complaint sought enforcement of the general agreement of indemnity; the indemnitors have now stipulated that they intend to indemnify AFFI for all reasonable costs and fees incurred by AFFI.

The issues presented to this court for decision are:

(1) Whether Reynolds has a valid attorney's lien on the retainage and thereby priority over AFFI's right to exoneration and indemnification as surety for Brothers;

(2) Whether the indemnitors are liable to AFFI under the general agreement of indemnity for amounts claimed by AFFI for losses, costs, expenses and attorney's fees, if any, not satisfied out of the retainage; and

(3) Whether Robinson has a claim against the retainage for the materials it supplied and, if not, whether Brothers is liable to Robinson for that amount.

ATTORNEY'S LIEN

Reynolds claims an equitable attorney's lien on the retainage fund for legal services rendered in having the funds released. The claim is premised on a charge that the college's refusal to make timely payment to Brothers under the contract made it necessary for Brothers to employ the Reynolds law firm in October 1983 to help obtain a release of the retainage money due Brothers. The question then is whether Reynolds has an attorney's lien and if so whether that lien is entitled to priority over the claims by Robinson and AFFI.

---

1. The affidavit in question was signed by third-party defendant/indemnitor John M. Burge, III.

2. According to the affidavit furnished by Brothers, Southeastern had agreed to forbear on its claim until the college released the final payment or retainage. And, when AFFI did pay Southeastern's claim, Brothers did not contest the amount.

3. The parties originally stipulated that Brothers owed the $3297.29 to Robinson. Based on that stipulation, AFFI and Robinson entered into an agreed order, approved by the court, granting summary judgment in favor of Robinson. When it was later revealed by Reynolds, Prewitt & Bradley, counsel for Brothers, that Robinson was a materialman to a subcontractor and not to Brothers, the prime contractor, AFFI moved to have the judgment set aside. That motion was granted by memorandum opinion and order of this court dated July 14, 1987.

4. The action was instituted in the Chancery Court of the First Judicial District of Hinds County, Mississippi. AFFI removed the cause to this court, asserting jurisdiction based on diversity of citizenship, 28 U.S.C. § 1332.

Under Mississippi law, which this court is bound to apply, an attorney has a lien on all writings, documents and money of his client which come into his possession in the course of his professional employment. This lien entitles the attorney to retain possession of those papers, writings or money until all his fees are paid. *Webster v. Sweat*, 65 F.2d 109 (5th Cir.1933). Mississippi also recognizes a "special" or "charging" lien which entitles an attorney who, by his services, recovers a judgment, to have his fee satisfied out of that judgment. That is, "[h]e is considered as assignee of the judgment to the extent of his fee." *Id.* at 110. While a retaining lien, simply by virtue of the nature of the lien, requires possession in order to effectuate the lien, the Mississippi court has apparently engrafted a possession requirement on charging liens as well. In *Collins v. Schneider*, the court stated that

the lien of attorneys on judgments and decrees obtained by them for fees, is based mainly on possession of such judgments and decrees, but partially on the merit and value of their services.

It exists upon the money, papers and writings of the client in the attorney's hands, which is denominated a retaining lien. Such lien exists upon judgments and decrees, and the proceeds thereof and is called a charging lien.

"The rule in this state has always been that an attorney has a lien on the funds of his client for the services rendered in the proceeding by which the money was collected.... This lien applies *so long as the attorney has the funds in his possession, and is paramount to any other claim.*"

*Collins v. Schneider*, 187 Miss. 1, 192 So. 20, 22 (1939) (emphasis supplied) (quoting *Halsell v. Turner*, 84 Miss. 432, 36 So. 531 (1904)). In order for a valid charging lien to exist, the attorney must have procured a judgment or decree in favor of his client. Moreover, as is clear from the foregoing passage, unless counsel, Reynolds, came into and retained possession of the retainage fund, then the law firm is not entitled to an attorney's lien. Possession in this sense need not be actual, but may be con-structive. *See Abernethy v. Savage*, 163 Miss. 789, 141 So. 329 (1932). Here, the owner of the project made final payment of $11,043.00 by check payable to Reynolds, Brothers and AFFI, and the endorsement of each was required to cash the check.

■ One problem evident under the facts presented is the absence of any judgment or decree in favor of Brothers. In fact, no lawsuit was even filed. Consequently, there can be no charging lien. Further, even were the check from the owner characterized as being in the nature of a judgment or decree, the check is not in favor of Brothers and/or Reynolds only, but rather is specifically made payable to AFFI as well. Hence, it can hardly be said to be equivalent to a judgment for Brothers. Moreover, in the court's opinion, neither Brothers nor Reynolds was ever in true possession in the sense of controlling of the funds. *See Abernethy*, 141 So. at 131 (recognizing attorney's lien where attorneys retained control and hence possession of monies recovered for client). First, it should be noted that Reynolds sent the check to AFFI for its endorsement and AFFI has steadfastly refused to return the check. Accordingly, Reynolds is certainly not in physical possession of the check. Additionally, Reynolds is not in constructive possession any more than is AFFI inasmuch as the check is made payable to both parties. Thus, in the court's opinion, Reynolds is not entitled to an attorney's lien on the funds. Consequently, the court need not reach the issue of priority over AFFI.

■ The court next considers Reynolds' argument that allowing AFFI to have priority to the funds would work an injustice since AFFI would never have had access to the money but for the efforts of Reynolds. Setting aside for the moment the question of whether Reynolds was in fact responsible for obtaining release of the funds, the court notes that had it not been for the actions of Reynolds' client, Brothers, in failing to pay materialmen as it was obligated to do, it would not have been necessary for Brothers to retain Reynolds' services. Moreover, it appears from the sequence of events described in the stipulated

facts that AFFI's payment to Southeastern contributed to the owner's decision to release the funds. Additionally, counsel for AFFI states that he played an active role in obtaining the funds from the college. Accordingly, the court cannot conclude that Reynolds' provision of services resulted in the college's release of the funds.

AFFI'S CLAIM

AFFI contends that in addition to its right to obtain from the fund the money paid pursuant to AFFI's surety obligations, i.e., $5432.60 to Southeastern, it may recover all losses, costs, expenses and attorney's fees incurred as the result of Brothers' failure to pay suppliers/laborers and due to Brothers' and the third-party defendants' failure to fulfill their obligations under the indemnity agreement. Plaintiffs agree that AFFI is entitled to indemnity for any reasonable and necessary funds expended in fulfilling its surety contract, but contend that the only reasonable and necessary expenditure by AFFI was the payment of $5432.60 to Southeastern. Above that, plaintiffs take the position that AFFI is not entitled to recover anything.

AFFI's claim for expenses and attorney's fees amounts to $7850.59. That sum, coupled with the $5432.60 to which plaintiffs concede AFFI is entitled, exceeds the amount of retainage by $2240.19. While the court recognizes that the scope of the language in the parties' general agreement of indemnity is sufficiently broad to bring within its coverage the expenses of hiring an attorney, as well as other expenses incurred by AFFI as a result of its performance of its bond obligations, there must be a showing by AFFI that the fees and expenses sought to be reimbursed were necessarily incurred and are in a reasonable amount. *See Jackson v. Hollowell,* 685 F.2d 961, 964–65 (5th Cir.1982). The attorney's fees affidavit submitted by AFFI is wholly insufficient to meet this burden.[5] Although the indemnitors have agreed that they are liable for AFFI's reasonable fees

and expenses, the court is unable to make a determination based on the affidavit submitted of the propriety and amount of such fees and expenses. Accordingly, the court directs that AFFI submit, within five days of the entry of this memorandum opinion and order, an affidavit detailing the nature of the fees and expenses incurred and the necessity therefor. Thereafter, the court will make a determination as to the amount due AFFI.

ROBINSON'S CLAIM

■ The final issue for determination is Robinson's claim to entitlement of $3297.29 of the retainage. Robinson was a materialman to a subcontractor; as a party not having a direct contractual relationship with the contractor, Robinson's right to any payment on a payment bond is governed by Miss.Code Ann. § 31–5–51(3) which provides that

[a]ny person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment shall have a right to action upon said payment bond upon giving written notice to said contractor within ninety (90) days from the date on which such person did or performed that last labor or furnished or supplied the last of the materials for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be given in writing by the claimant to the contractor or surety at any place where the contractor or surety maintains an office or conducts business. Such notice may be personally delivered by the claimant to the contractor or surety or it may be mailed by certified mail, return receipt requested, postage prepaid, to the contractor or surety. No such action may be maintained by any person not having a direct contractual relationship

---

5. The affidavit states simply that

[d]uring the period from December 1983 through February 20, 1987, the total attorney's fees incurred in connection with American

Fidelity Fire Insurance Company/Brothers InC., Inc. were $7,343.75. During the same period, the total expenses incurred were $506.84, for a total of $7,850.59.

with the contractor-principal, unless the notice required by this section shall have been given.

Robinson, although admitting that it did not comply fully with the notice requirements of Miss.Code Ann. § 31–5–51(3), claims to have "substantially complied" with the statute. Section 31–5–51(3) expressly states that an action may not be maintained unless the notice required by the section "shall have been given." The Mississippi Supreme Court has held that notice requirements under the previous versions of this statute are jurisdictional prerequisites to suit. *See Aetna Casualty and Surety Co. v. Doleac Electric Co.*, 471 So.2d 325, 328–29 (Miss.1985). The court concludes that notwithstanding Robinson's protestations of substantial compliance with the statute, Robinson is not entitled to payment from AFFI.[6]

After the submission by AFFI of documentation as directed herein and the court's determination of the amount of the fees and expenses to be paid to AFFI, an appropriate judgment will be entered in this cause.

---

**6.** On July 17, 1987, this court granted Robinson leave to amend its crossclaim to allege that Brothers should be liable to it in the event that AFFI is not. The clerk's docket sheet does not reflect a return on service of the amended crossclaim, nor does it reflect an answer by Brothers. Thus, with the pleadings incomplete, this dispute is not properly before the court and the court cannot adjudicate the potential liability of Brothers to Robinson.