**BROTHERS IN CHRIST, INC. and Reynolds, Prewitt and Bradley, Plaintiffs,**

v.

**AMERICAN FIDELITY FIRE INSURANCE COMPANY, Defendant and Third–Party Plaintiff,**

v.

**John M. BURGE, Mrs. John M. Burge, H.S. Smithson, Jr., Mrs. H.S. (Billie) Smithson, and John M. Burge, III, Third–Party Defendants,**

v.

**ROBINSON ELECTRIC SUPPLY CO., INC., Intervenor/Defendant.**

**Civ. A. No. J85–0468(L).**

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 26, 1988.

---

Robert Bass, Jackson, Miss., for plaintiffs.

David L. Reynolds, Reynolds, Prewitt & Bradley, Jackson, Miss., for third-party defendants.

Harvey B. Ray, Ray & Cobb, Meridian, Miss., for Robinson Elec.

## MEMORANDUM OPINION

TOM S. LEE, District Judge.

This cause was initially brought by Brothers In Christ, Inc. (Brothers) and its counsel, Reynolds, Prewitt and Bradley, against American Fidelity Fire Insurance Company (AFFI) for a determination of the rights, as between those parties, to a retainage fund for a construction project at East Mississippi Junior College. Brothers was the general contractor on the project; AFFI was the surety on the performance, labor and material bonds. Also named in the lawsuit as third-party defendants by AFFI were John M. Burge, Mrs. John M. Burge, H.S. Smithson, Jr., Mrs. H.S. (Billie) Smithson and John M. Burge, III, all of whom had executed the general agreement of indemnity to save and hold AFFI harmless from any and all claims, costs and expenses incurred by AFFI by reason of its having executed the bond.

Robinson Electric Supply Company, Inc. (Robinson) sought and was granted leave to intervene to assert a claim against AFFI on its payment bond for recovery of $3297.29 for electrical materials furnished by Robinson. Robinson had supplied those materials to Choctaw Mechanical, a subcontractor on the project, but had not been paid. AFFI asserted, in defense to Robinson's claim, that Robinson was barred from recovery on the bond by its having failed to provide proper notice of its claim. Robinson therefore sought and was granted leave to amend its crossclaim to seek recovery against Brothers in the event of a determination that AFFI was not liable on the bond.

In a prior memorandum opinion and order entered in this cause, 680 F.Supp. 815, the court recognized that the retainage on the project in the amount of $11,043.00 was insufficient to satisfy all outstanding claims. The court was therefore called upon to consider and determine which claims could properly be paid out of the retainage and in what order of priority those payments would be made. As to Robinson's claim of entitlement to $3297.29 of the retainage, the court accepted the argument advanced by AFFI and opined that Robinson was not entitled to payment from AFFI because it did not comply with the notice provisions of section 31-5-51(3) of the Mississippi Code.

Because at the time of this court's prior opinion, Brothers had not answered Robinson's complaint, it was impossible for the court to consider Brothers' potential liability to Robinson. The pleadings were subsequently completed and this cause is now before the court for a determination of whether Robinson may recover from Brothers the $3297.29 claimed for Robinson's having supplied electrical materials in connection with the construction project. In considering Brothers' potential liability to Robinson, the court has reached the conclusion that its prior holding denying Robinson entitlement to recover on the bond was in error.

It is undisputed that Robinson was not a subcontractor, and hence was not a party having a direct contractual relationship with Brothers, the contractor. Rather, Robinson was simply a materialman to a subcontractor. As such, its right to payment on the payment bond is governed by Miss.Code Ann. § 31–5–51(3) which provides that

[a]ny person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon said payment bond upon giving written notice to said contractor within ninety (90) days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the materials for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. Such notice shall be given in writing by the claimant to the contractor or surety at any place where the contractor or surety maintains an office or conducts business. Such notice may be personally delivered by the claimant to the contractor or surety, or it may be mailed by certified mail, return receipt requested, postage prepaid, to the contractor or surety. No such action may be maintained by any· person not having a direct contractual relationship with the contractor-principal, unless the notice required by this section shall have been given.

The available documentation in this case demonstrates that Robinson had furnished materials for the project as late as January 13, 1982. Within ninety days thereafter, on February 16, 1982, Robinson through its counsel informed Brothers by letter of the non-payment for the materials furnished and requested that Robinson be paid in full. The letter also stated as follows:

I would respectfully suggest that this complies with the law and that we have notified you that we are due and owing monies from Choctaw Mechanical and you are thus responsible for making certain that we are paid.

In addition to the letter sent to Brothers, Robinson mailed similar correspondence to the president of East Mississippi Junior College who, in turn, forwarded a copy of that letter to Dean/Dale and Dean, the architects on the project. On March 5, 1982, Dean/Dale and Dean responded to the letter of February 16, stating, *inter alia:*

I have contacted Brothers, Inc. myself by letter and requested that they make every effort possible to clear this matter up prior to payment of any final monies in connection with closing this project.

Again, on March 8, 1982, Robinson's counsel contacted Brothers and requested payment.

It is clear under the facts that the only possible non-compliance with section 31–5–51(3) was the failure by Robinson to send the statutory notice by certified mail. It was timely and to the right party, and there appears to be absolutely no question but that Brothers received notice of the claim. In the court's opinion, where the only failure to comply with the statute was the failure to send notice by certified mail, and where there is no dispute but that actual notice was received by the proper party, then recovery on the bond should not be denied. The purpose of a surety bond on a public works contract is to protect potential claims of unpaid laborers and materialmen. *Aetna Casualty and Surety Company v. Doleac Electric Co.*, 471 So.2d 325, 329 (Miss.1985). On the facts presented, denial of recovery on the bond would contravene the salutory purpose of the bond requirements imposed by the Mississippi Code sections concerning public works contracts. Thus, if the court were to hold as insufficient, notice which, but for the certified mail requirement, complied with the statutory notice provision and further which, though not sent by certified mail was actually received, that certainly would not effectuate the purpose of the statute, which is to protect unpaid laborers and

materialmen.[1] The court having thus determined that its prior conclusion that substantial compliance with section 31–5–51(3) was insufficient to justify recovery by Robinson from AFFI was in error and that recovery should be allowed, it is the opinion of the court that Robinson should have and recover from AFFI the sum of $3297.29.[2]

---

1. The court previously relied on *Aetna Casualty and Surety Company v. Doleac Electric Company,* 471 So.2d 325 (Miss.1985), for the conclusion that substantial compliance with the statute was insufficient. In *Aetna,* however, the Mississippi Supreme Court held simply that the notice requirements under a previous version of a public works contracts statute were jurisdictional prerequisites to suit. The problem addressed by the court in *Aetna* was not simply deficient notice but a complete lack of any notice that suit had been instituted on a public works bond. Since no notice had been given, the court invalidated a judgment against *Aetna* "in order to protect the potential claims of unpaid laborers and materialmen on [the] project...." *Aetna,* 471 So.2d at 329.

2. The parties agree that liability for payment of that amount will ultimately fall upon Brothers and the indemnitors under the agreement of indemnity executed in favor of AFFI.